[No. 23144.   Department Two.   July 23, 1931.]

WESTERN DREDGING COMPANY, *Appellant,* v.
ALDERWOOD FARMS, *Respondent.*[1]

*Edward M. Hay* and *John D. Goss,* for appellant.
*Bausman, Oldham & Walkinshaw,* for respondent.

BEELER, J.—The Dredging Company brought this action on what is termed a "supplemental contract"

[1]Reported in 1 P. (2d) 892.

to recover one thousand dollars from the defendant. The cause was tried to the court, sitting without a jury, resulting in findings of fact, conclusions of law and a judgment entered thereon in favor of the defendant. The Dredging Company has appealed.

The facts are: On October 6, 1924, the parties entered into a written contract whereby the appellant agreed to do certain diking and ditching upon the lands of the respondent around what is known as the "Brown Farm" at Nisqually, Washington. The contract set forth in great detail the length, width and depth of the ditch, also the details as to the manner in which the dike was to be constructed. Under the contract, the work was to be completed by October 1, 1925. Although the work was unfinished by that date, as required by the contract, the appellant soon thereafter discontinued all operations. The evidence establishes that the appellant stopped the work some five or six months prior to April 19, 1926, on which date the parties entered into the so-called "supplemental agreement", which reads:

*"It is recognized by the parties that there are some matters, both in regard to the ditching and dyking, not now completed, and the Dredging Company has also failed to construct a ditch and dyke through the sand bar around the Nisqually River,* as provided for in paragraph 12 of said contract, but the contractor is desirous of getting a payment on account. The amount due in the event the ditching and dyking had been completed in accordance with the contract would be $5,898.00; and if the contractor fails to construct said ditch and dyke through the sand bar as above specified, to be done at an additional price of one dollar per lineal foot, as heretofore requested, the Farms may suffer through damage for failure of such completion.

"At the request of the Dredging Company, the Farms may and are hereby authorized to pay the Pa-

cific States Bank of South Bend, for the account of the Dredging Company, the sum of $4,898.00, and when such payment is made to the said bank, it shall constitute a payment under this contract.

"The contract is still unpaid, there remaining certain work to be done by the Dredging Company. The Dredging Company *agrees to complete said contract fully in accordance with its terms within five months,* and upon its failure to do so, the Alderwood Farms *may* so complete the same, and pay for such work out of the thousand dollars of the original contract price still retained by it and any damage it may suffer by reason of the failure of the contractor to dig the ditch and dyke through said sand bar and Nisqually River, the surplus, if any, to be paid the Western Dredging Company."

Appellant admits receipt of $4,898 under this supplemental contract; admits that it did not proceed with, nor undertake to complete the work within the five months, as provided for in the supplemental contract, or, for that matter, at any subsequent period, or at all. Furthermore, the appellant admits that the ditching and diking had not been completed in accordance with the specifications or requirements enumerated in the original contract of October 6, 1924.

The appellant first contends that the rights of the parties are governed by the supplemental contract, and argues that it superseded and took the place of the original contract of 1924. Manifestly, this contention is unsound. Under the supplemental contract, the Dredging Company was given five months additional time within which "to complete said contract fully in accordance with its terms." Clearly, this refers to the original contract of October 6, 1924, because that was the document that specified with great minuteness the manner in which the work was to be performed. The Dredging Company in the supplemental contract admits that

". . . there are some matters, both in regard to the ditching and diking, not now completed, and the Dredging Company has also failed to construct the ditch and dyke through the sand bar around the Nisqually River."

[2] The Dredging Company further argues that it was the intent of the parties, as expressed by the supplemental agreement, that, if it should fail to proceed and complete the work within the extra five months' period, then it became the duty of the respondent to proceed and complete the work, and reimburse itself out of the one thousand dollars reserved, and that the balance, if any, should be paid to the appellant. But the supplemental agreement nowhere places any duty or obligation on the respondent to do this work, much less to complete it. In that regard the supplemental agreement provides:

"The Alderwood Farms *may* so complete the same, and pay for such work out of the thousand dollars of the original contract price still retained by it and any damage it may suffer by reason of the failure of the contractor to dig the ditch and dyke through said sand bar and Nisqually River, the surplus, if any, to be paid the Western Dredging Company."

Reduced to its final analysis, this supplemental agreement extended the time for a period of five months within which the Dredging Company might complete the work, and, if it failed or neglected to do so, then it became optional with the respondent to do or not to do the work as it saw fit. If it did perform the work, then it was required to account to the Dredging Company for any surplus remaining unexpended in its hands from the one thousand dollars, but the mere fact that Alderwood Farms had the option to do the work imposed no obligation upon it to do so.

The judgment appealed from is affirmed.

TOLMAN, C. J., MILLARD, and MAIN, JJ., concur.